**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **CORD HARRIS** (#2011-1230206), | ) |
| Plaintiff, | ) |
| v. | ) Case No. 13 C 801 |
| **COOK COUNTY** and **COOK COUNTY SHERIFF**, | ) |
| Defendants. | ) |
| **CORD HARRIS** (#2011-1230206), | ) |
| Plaintiff, | ) |
| v. | ) Case No. 13 C 5470 |
| **COOK COUNTY**, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Because the first of the category "555" actions brought by prisoner plaintiff Cord Harris ("Harris") in this District Court, Case No. 13 C 801, came to this Court's calendar via random assignment, this District Court's LR 40.3(b)(1)(B) has -- both understandably and properly -- converted a repetitive litigant such as Harris into a sort of "pen pal" of this Court as the judge who received that initial random assignment. That arrangement initially posed no difficulties, for this Court's customary procedures followed in both the original 13 C 801 case and the next assigned case (13 C 5470) have caused those cases to progress in the ordinary course in an

uneventful manner.[1]

Regrettably that has not been true of frequent litigator Harris' later lawsuits,[2] two of which resulted in dismissal based on his false statements in support of In Forma Pauperis Applications that failed to disclose his receipt of $3,000 in his prison trust fund account in early 2014. That nondisclosure was compounded by Harris' then having engaged, following that receipt, in a sort of shell game that facilitated his ability to seek the advantage of long-term interest-free installment payment of the $350 filing fees, as is provided by 28 U.S.C. § 1915 for truly impecunious prisoner plaintiffs. This Court's discovery of Harris' untruthful representations and the pattern of conduct that followed prompted the dismissal of Harris' two 2014 lawsuits.

This Court should not be misunderstood as questioning the legitimacy of any of Harris' 42 U.S.C. § 1983 claims in substantive terms. Harris has filed Complaints that have the ring of plausibility, and there has been no occasion for any assertion of (or of course for this Court's resolution of) possible factual challenges to his allegations. What has been spoken of here instead has to do with Harris' own actions unrelated to the merits of his claims.

In any event, Harris' most recent filings, both of which were received in the Clerk's Office on March 16, have (1) disclosed the nature and source of the $3,000 deposit to his account in early 2014 (although on that score he has never provided a plausible explanation of his machinations that followed his receipt of the money) and (2) his Notice of Appeal in three

---

[1] Although Harris was represented by retained counsel in 13 C 801, this Court followed its pretty much invariable procedure in pro se cases that pass threshold muster in Twombly-Iqbal terms: In Case No. 13 C 5470 it designated counsel from this District Court's trial bar to represent Harris pro bono publico.

[2] Harris v. Doe, et al., 14 C 10121; Harris v. Edwards, et al., 14 C 10401; Harris v. Odea, 15 C 0821; and Harris v. Beachum, et al., 15 C 1118.

dismissed cases, 14 C 10121, 14 C 10401 and 15 C 821.  Although this Court has sought to be patient in dealing with Harris' repeated tactical efforts, it has concluded that enough is enough.

Accordingly this Court is exercising the senior judge prerogative that it almost never brings into play by initiating the transfer of Harris' two cases currently before it pursuant to 28 U.S.C. § 294(b).  In that respect this memorandum opinion has been issued for two reasons beyond providing some background explanation:

1. Although the mechanics of reassignment are the province of the Clerk's Office rather than of any judge initiating such reassignments, it would seem the most sensible procedure to follow might be to transfer the lower-numbered case (13 C 801) by random computer reassignment, then assign the other case (13 C 5470) to that assignee judge as the new category 555 recipient.

2. Thereafter LR 40.3(b)(1)(B) would take care of any future category 555 cases that Harris may file, bringing them directly to the calendar of that assignee judge.

Lastly, no equalization debits or return reassignments should be applied to this Court's calendar.

_____
Milton I. Shadur
Senior United States District Judge

Date:  March 19, 2015